# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CASE NO. 4:10-CR-189 |
| | § | Judge Crone/Judge Nowak |
| SEBASTIAN BANDA (5), | § | |
| | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Order of the United States Court of Appeals for the Fifth Circuit regarding Defendant Sebastian Banda [Dkt. 681]. The Fifth Circuit has remanded this case for the limited purpose of determining whether the untimely filing of Defendant's *pro se* Notice of Appeal was due to excusable neglect or good cause pursuant to Federal Rule of Appellate Procedure 4(b)(4) [Dkt. 681]. On November 27, 2018, determination of the issue was referred to the undersigned U.S. Magistrate Judge for consideration and a determination or recommended disposition pursuant to 28 U.S.C. § 636 [Dkt. 682]. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Defendant's construed request for an extension of time to appeal should be **GRANTED**.

### BACKGROUND

On November 15, 2013, Defendant pleaded guilty with a plea agreement to conspiracy to possess with intent to manufacture and distribute methamphetamine, in violation of Title 21 U.S.C. § 846 [Dkt. 570]. On April 16, 2014, the Court sentenced Defendant to 262 months of imprisonment in the Bureau of Prisons—to be followed by 5 years of supervised release—and imposed a $100.00 special assessment [Dkt. 592]. On April 17, 2014, the criminal judgment was entered on the docket [Dkt. 593]. On September 4, 2018, over four years later, Defendant filed a

*pro se* Motion to Reduce Sentence [Dkt. 675].  On September 25, 2018, the District Court entered an order denying Defendant's *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) [Dkt. 679].  On October 22, 2018, Defendant's Notice of Appeal as to the order denying motion to reduce sentence was docketed [Dkt. 680].

Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, Defendant had 14 days to file timely notice of appeal from entry of judgment.  Fed. R. App. P. 4(b)(1)(A).  A judgment is entered for the purposes of Rule 4(b) when it is entered on the criminal docket.  Fed. R. App. P. 4(b)(6).  Accordingly, under Federal Rule of Appellate Procedure Rule 4(b)(1)(A), the final day for timely filing a notice of appeal as to the motion to reduce sentence in the instant case was October 9, 2018.  Defendant did not file his *pro se* notice of appeal until October 22, 2018—approximately thirteen (13) days past his October 9, 2018 deadline [Dkt. 680].  The Notice of Appeal recites "[Defendant's] currently [sic] place of confinement (FCI Yazoo City Low) has been on lockdown so the administration can attempt to rid the compound of the high usage of the sy[n]thetic drug (Spice/K2).  Until a complete shakedown of the entire prison was conducted the law library couldn't be utilized to adequately and effectively complete legal obligations" [Dkt. 680].  The Notice of Appeal is signed by Defendant and further states "I declare under the penalty of perjury under the laws of the United States of America, that the foregoing is true, correct and not meant to mislead" [Dkt. 680].

Notably, Rule 4(b)(4) permits the District Court to extend the deadline to file a notice of appeal an additional thirty days if the untimely filing was the result of excusable neglect or good cause.  "In criminal cases, the Fifth Circuit treats the filing of an untimely notice of appeal within the additional thirty-day period as a motion for determination whether the defendant is entitled to an extension of time to appeal."  *United States v. Morgan*, No. 08-78, 2013 WL 870356, at *1

(E.D. La. Mar. 7, 2013) (citing *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir.1984)). As such, on November 26, 2018, the Fifth Circuit remanded this case to this Court "for a determination whether the untimely filing of the notice of appeal was due to excusable neglect or good cause" [Dkt. 681 at 3]. The matter was referred to the undersigned on November 27, 2018; and, the undersigned, on December 7, 2018, directed Defendant to file an affidavit and/or other documentary evidence explaining whether the untimely filing of his notice of appeal was due to excusable neglect or good cause [Dkt. 683]. On January 7, 2019, Defendant filed a document entitled "Affidavit of Sebastian Banda" [Dkt. 684].

## LEGAL STANDARDS AND ANALYSIS

Federal Rule of Appellate Procedure 4(b)(4) provides that:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). "The good cause standard . . . is applicable 'in situations in which there is no fault—excusable or otherwise.' In those situations, an extension of time is necessary because of something that was entirely beyond the control of the moving party, such as where 'the Postal Service fails to deliver a notice of appeal.'" *Tuesno v. Jackson*, No. 5:08-cv-302(DCB)(JMR), 2013 WL 685928, at *4 (S.D. Miss. Feb. 25, 2013) (quoting Fed. R. App. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii)).

Regarding "excusable neglect," the determination of "what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In determining whether excusable neglect exists, the Supreme Court in *Pioneer* instructs that the following factors should be considered: "[1] the danger

of prejudice to the [non-filing party], [2] the length of the delay and its [3] potential impact on judicial proceedings, [4] the reason for the delay, including whether it was within the reasonable control of the movant, and [5] whether the movant acted in good faith." *Id.*

Although *Pioneer* addressed excusable neglect in the context of a bankruptcy proceeding, the Fifth Circuit has determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)." *United States v. Clark*, 51 F.3d 42, 44 (5th Cir.1995). Further, "[e]xcusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well." *Aguilar v. Thaler*, No. 3:12-cv-35-L-BK, 2013 WL 3356491, at *2 (N.D. Tex. July 2, 2013). The Fifth Circuit has stated that "[f]ailure to learn of the entry of judgment is the major, but not the only, reason for finding excusable neglect." *Birl v. Estelle*, 660 F.2d 592, 593 (1981). However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Clark*, 51 F.3d at 43 (quoting *Pioneer*, 507 U.S. at 392).

In light of the foregoing, the Court finds that the Defendant has shown excusable neglect and/or good cause for the untimely filing of his Notice of Appeal. To reiterate, in his Notice of Appeal filed October 22, 2018, Defendant declared, pursuant to 28 U.S.C. § 1746, that he intended to appeal the Court's denial of his motion for reduction of sentence, but "currently [Defendant's] place of confinement (FCI Yazoo City Low) has been on lockdown so the administration can attempt to rid the compound of the high usage of the sy[n]thetic drug (Spice/K2). Until a complete shakedown of the entire prison was conducted the law library couldn't be utilized to adequately and effectively complete legal obligations" [Dkt. 680]. Defendant's subsequent filing, entitled "Affidavit" further clarified—consistent with the facts declared pursuant to 28 U.S.C. § 1746 in his Notice of Appeal—that Defendant did not receive the Court's September 25, 2018 Order until

the second week of October, the same week his deadline to file a notice of appeal expired; and, further that due to the lockdown/shakedown of the prison, a modified scheduled was in place and Defendant was unable to access the law library in order to put together a legal document (his Notice of Appeal) for the Court's consideration [Dkt. 684]. Attached to the "Affidavit" is a Memorandum, dated October 11, 2018, reflecting the above-referenced modified schedule from "October 12, 2018 to Further Notice" [Dkt. 684 at 4]. The modified schedule confirms that all inmates were required to remain in their cubes during all or some portion of the second week of October when Defendant received the Court's September 25, 2018 Order.

Other courts in this circuit confronted with similar circumstances have found excusable neglect or good cause for an imprisoned defendant's delay in filing a notice of appeal when prison conditions, outside of the defendant's control, prevented the receipt of or response to an order or judgment within a reasonable time. *See United States v. Effron*, No. 08-71, 2018 WL 4443127, at *2 (E.D. La. Mar. 1, 2018) (finding excusable neglect because defendant did not receive notice of the order until after the deadline to file a notice of appeal had passed and an institutional lockdown prevented access to necessary legal materials); *United States v. Candia*, No. 00-20084, 2011 WL 1837852, at *2 (W.D. La. Mar. 15, 2011) (finding excusable neglect because it "appear[ed] [that] defendant's access to legal materials and inmate legal counsel were compromised at least during some portion of his time to appeal[ ]" and his filing was "only 11 days late"); *United States v. Duong*, No. 1:93CR16(2), 2009 WL 2382016, at *1 (E.D. Tex. July 29, 2009) (finding good cause because a lockdown delayed defendant's receipt of the court's order for ten days, thus impacting his ability to meet the filing deadline).[1] The courts reasoned that such extenuating circumstances

---

[1] Verification by a prison employee of a defendant's stated reasons for delay bolsters a showing of good faith, but such corroboration is not necessary to demonstrate excusable neglect or good cause. *Compare Effron*, 2018 WL 4443127 at *1-2 (emphasizing that a memorandum in which a unit manager confirmed that delayed mail delivery and restricted access to legal materials supported a finding of good faith regarding defendant's efforts to appeal) *with*

tilted the *Pioneer* factors in favor of finding excusable neglect or good cause. *See Effron*, 2018 WL 4443127 at *2 (noting that the lockdown was "outside of [defendant's] control;" that filing his notice of appeal seven days after receiving the court's ruling indicated his good faith; and that prejudice to the defendant from not allowing the appeal would far outweigh prejudice to the government from allowing it); *Candia*, 2011 WL 1837852 at *2 (stating that the tardy filing presented "no real danger of prejudice to the government" and created "no discernable impact on judicial proceedings"); *Duong*, 2009 WL 2382016 at *1 (noting that the defendant "may be greatly prejudiced by the court's disallowance of his appeal").

Although neither the precise date that Defendant received the Court's order nor the exact duration of the lockdown are known, it is evident that Defendant's receipt was delayed and his ability to respond was impeded and/or otherwise "compromised at least during some portion of his time to appeal." *See Candia*, 2011 WL 1837852 at *2. Moreover, Defendant filed his Notice of Appeal reasonably quickly after receipt of the Court's order and well within the 30-day extension period. This prompt response indicates that Defendant acted in good faith, and his Notice of Appeal and supporting "Affidavit" suggest that the delay fell outside his reasonable control. The undersigned finds that these circumstances show excusable neglect rather than "a party seeking to set his own deadlines," and that substantial prejudice could accrue to Defendant were he not allowed an appeal on the merits.

---

*Candia*, 2011 WL 1837852 at *1 (simply relying on defendant's statement in his motion to show cause that he had limited access to legal materials), *and Duong*, 2009 WL 2382016 at *1 (similarly relying on defendant's averments in a motion to show cause without citing to any corroborating source) .

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends Defendant Sebastian Banda's Notice of Appeal [Dkt. 680] be deemed timely filed due to excusable neglect as permitted by Federal Rule of Appellate Procedure Rule 4(b)(4).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 14th day of March, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE